UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15-CR-132 |
| ) | |
| LAMONT DARNELL FORTUNE ) | |

## **MEMORANDUM AND ORDER**

In April 2017, the undersigned presided over a jury trial in which the defendant was found guilty of both distributing cocaine base and conspiring to distribute and possess with the intent to distribute cocaine base. Sentencing is set for August 17, 2017.

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 200] to which the defendant has raised twelve objections [doc. 205]. In response, the probation office has disclosed the PSR Addendum [doc. 215]. For the reasons that follow, the defendant's objections will be overruled.

I.

*Objection One*

Paragraph 6 of the PSR introduces paragraphs 7 through 14 by stating, "The following is a summary of the evidence presented during the trial." The defendant objects to these paragraphs in their entirety. While admitting that this "section of the PSR fairly reflects the trial testimony," the defendant nonetheless objects because he "maintains his innocence."

The court has reviewed paragraphs 7 through 14 and finds them to be an accurate summary of the evidence. Because these paragraphs are indeed a fair reflection of the trial proof (as admitted by the defendant himself), the first objection will be overruled.

II.

*Objection Two*

At paragraphs 14 and 20, the PSR holds the defendant accountable for a total of 1.8 kilograms of cocaine base over the course of the conspiracy. The defendant objects because "he maintains his innocence."

The defendant does not challenge the manner in which the PSR calculates the 1.8 kilogram quantity nor does he cite any contradictory evidence.

> A district court may generally rely on the PSR's facts unless the defendant produces evidence that contradicts the PSR's findings. A defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth. . . . He must produce more than a bare denial, or the judge may rely entirely on the PSR.

*United States v. House*, No. 16-1691, 2017 WL 2569706, at *3 (6th Cir, June 14, 2017) (citations, quotation, and alteration omitted). Not only has the present defendant produced no more than a bare denial. He has, as noted above, conceded that paragraph 14 of his PSR "fairly reflects the trial testimony." The PSR's drug quantity finding is based on a conservative summary of proof that this court heard and found credible. The defendant's second objection will be overruled. *See id.* (The defendant "must produce more than a bare denial[.]").

III.

*Objection Three*

At paragraph 24, the PSR increases the defendant's offense level by two pursuant to advisory United States Sentencing Guideline ("U.S.S.G.") § 3C1.2, which provides for an enhancement, "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer . . . ." The flight in question must be conduct relevant to the offense of conviction, *see* U.S.S.G. § 1B1.3(a), such as "in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1).

Paragraphs 11 and 12 of the PSR accurately note the testimony of codefendants Charles Loftly and Heyward Dargan regarding the defendant's high-speed flight from law enforcement that took place on May 1, 2015. Both men testified that the defendant told them he had thrown at least eight ounces of cocaine out of his car during the chase. Dargan testified that he intended to purchase that cocaine from the defendant.

The jurors also heard from Deputy Bottomly, who was involved in the pursuit, and they saw portions of the dashcam video. Deputy Bottomly testified that he "pursued the defendant and they reached speeds of over 100 miles per hour. During the pursuit, the defendant ran another vehicle off the road, drove in the emergency lane, and drove on the shoulder of the roadway." [PSR ¶ 13].

It is again noted that the defendant, in his first objection, admits to the above being a fair reflection of the trial testimony. He objects, however, that the flight "had absolutely nothing to do with his alleged role in the conspiracy." Rather, he "fled law

enforcement due to the fact that he was driving without a license and smoking marijuana."

The dashcam video and Deputy Bottomly's credible testimony prove that the defendant was indeed reckless in his flight from law enforcement. *See* U.S.S.G. §§ 3C1.2 n.2, 2A1.4 n.1 ("'Reckless' means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."). The credible testimony of codefendants Loftly and Dargan satisfy the court by a preponderance of the evidence that the defendant threw conspiracy-related cocaine out of his car during the flight, and that he was thus "fleeing from a law enforcement officer in the course of attempting to avoid detection or responsibility" for an offense of conviction. U.S.S.G. §§ 1B1.3(a)(1), 3C1.2. The PSR therefore correctly raises the defendant's offense level pursuant to guideline 3C1.2, and the third objection will be overruled.

IV.

*Objection Four*

At paragraph 33, the PSR assigns three criminal history points for a 1999 controlled substance conviction in the Grayson County, Virginia, Circuit Court. According to the PSR, the defendant was initially sentenced to two years' imprisonment to be followed by 18 years' probation. At his second probation revocation, in June 2009, the defendant was sentenced to another year of imprisonment to be followed by 16 years' probation. In light of these sentences, at paragraph 42 the PSR assigns two

4

criminal history points for committing the instant offenses while under a criminal justice sentence, pursuant to guideline 4A1.1(d).

The defendant "objects to the finding that he was on probation . . . while the instant offense allegedly occurred." He further objects "to the factual scenario set forth within Paragraph No. 33."

Appended to the PSR Addendum is the criminal complaint and the state court revocation orders pertaining to the Grayson County conviction. "The factual scenario set forth" at paragraph 33 of the PSR is consistent with the facts alleged in the criminal complaint. The defendant's objection on that issue will be overruled.

Paragraph 33 also accurately sets forth the sentences imposed in the Grayson County case – an original probation term lasting through 2017 and eventually extended through 2026. As noted in that section of the PSR which the defendant admits is a fair reflection of the trial testimony, the defendant was involved in this conspiracy by *at least* 2014. [PSR ¶ 11]. He therefore "committed the instant offense while under any criminal justice sentence, including probation . . . ." U.S.S.G. § 4A1.1(d). Two criminal history points are correctly applied at PSR paragraph 42, and the defendant's objection will be overruled.

V.

*Objection Five*

At paragraph 36, the PSR assigns two criminal history points for a 2006 criminal impersonation conviction in the Washington County, Tennessee, General Sessions Court. That case began with a traffic stop. According to the PSR, "The defendant stated he did

not have a driver's license or vehicle insurance, and stated his name and date of birth were Charles Reese and August 12, 1980. Then the defendant stated his name was Lamont Darnell Tolder." The defendant objects to the PSR's finding that he was convicted of criminal impersonation, and he "also denies the factual scenario set forth within said paragraph."

Appended to the PSR Addendum are the Washington County Prisoner Control Record, Affidavit of Complaint, and Fines and Cost Payment Order. The booking photo of "Lamont Darnell Tolder" certainly appears to be the same person as the Lamont Darnell Fortune who this court recently tried. The listed birth date of "Lamont Darnell Tolder" is the same as that of Lamont Darnell Fortune. [PSR p.3]. The "nearest relative" provided to Washington County authorities by "Lamont Darnell Tolder" was Thelma Reese of New York, New York. The present defendant was born in Manhattan and his late mother's name was Thelma Reese. [PSR ¶ 60].

The court is satisfied by a preponderance of the evidence that Lamont Darnell Tolder and Lamont Darnell Fortune are one in the same. The defendant's fifth objection will be overruled.

VI.

*Objections Six and Seven*

At paragraph 38, the PSR assigns two criminal history points for a 2011 Washington County simple possession conviction. At paragraph 39, the PSR notes a 2011 Washington County criminal impersonation conviction arising out of the same facts as paragraph 38. No criminal history points are assigned for the criminal impersonation

conviction, and the person charged in those cases was "Lamont Ramon Fortune."

By his sixth and seventh objections, the defendant denies these convictions, contests the facts set forth in paragraph 39, and, "[i]n essence, . . . denies he is the person described in the factual scenario."

Appended to the PSR Addendum are the Washington County Prisoner Control Record, the Affidavits of Complaint, and the judgments for these cases. The name listed on the Prisoner Control Record is "Lamont Darnell Fortune." The listed birth date is again the same as the birth date of the Lamont Darnell Fortune in the present case, and the booking photo again appears to be the same person who this court recently tried. The probation office's factual summaries at PSR paragraphs 38 and 39 are consistent with the Washington County Affidavits of Complaint. The defendant's sixth and seventh objections will accordingly be overruled.

## VII.

### *Objection Eight*

By his eighth objection, the defendant contends that his criminal history category should no longer be VI "based upon the above-noted objections." The "above-noted objections" have now all been overruled, and the defendant's eighth objection will be as well.

## VIII.

### *Objection Nine*

At paragraph 45, the PSR lists pending cocaine and marijuana charges in the Wythe County Circuit Court of Wytheville, Virginia. The defendant objects that these charges have been *nolle prosequied*.

Appended to the PSR Addendum is a July 20, 2017 Virginia Courts Case Information System printout showing that the Wythe County case remains open and unresolved. The defendant's ninth objection will accordingly be overruled.

## IX.

### *Objection Ten*

At paragraph 46, the PSR lists a pending marijuana possession charge in the Stokes County, North Carolina, Superior Court. The defendant objects that the case is no longer pending and that he was convicted following a bench trial.

The PSR Addendum details further research indicating that the defendant was in fact convicted in the Stokes County case. As such, the Addendum points out that the defendant should now have 14 criminal history points rather than 13. Either way, the defendant's criminal history category remains VI and his tenth objection will be overruled as moot.

## X.

### *Objection Eleven*

Paragraphs 47 through 58 of the PSR list dismissed charges. The defendant "objects to the inclusion of the various offenses / factual scenarios found within

Paragraph Nos. 47-58. The referenced cases were dismissed – some after a jury trial – and should not be considered."

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. For these reasons, the defendant's eleventh objection will be overruled.

XI.

*Objection Twelve*

Based on a total offense level of 34 and a criminal history category of VI, paragraph 72 of the PSR finds the advisory guideline range to be 262 to 327 months. By his twelfth and final objection, the defendant "objects to Paragraph No. 72 of the PSR as Mr. Fortune's guideline imprisonment range will need to be recalculated if his objections are upheld." Because all of the defendant's preceding objections have now been overruled, so too will his twelfth.

## XII.

*Conclusion*

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED**. Sentencing remains set for Thursday, August 17, 2017, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge